UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ERICA SEXTON STEELE, as Administrator Ad Litem of the Estate of Darrell Levonne Steele, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:24-cv-251-CEA-MJD |
| IVO AARON MILLER, DDS, & ASSOCIATES IN ORAL AND MAXILLOFACIAL SURGERY, P.C. | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Erica Sexton Steele's, as Administrator Ad Litem of the Estate of Darrell Levonne Steele ("Plaintiff"), Motion for Extension of Time [Doc. 32] and Motion to Amend Complaint [Doc. 31]. Defendants Ivo Aaron Miller, DDS, and Associates in Oral and Maxillofacial Surgery, P.C. ("Defendants") filed a single response addressing both motions [Doc. 33]. Plaintiff has not filed a reply, and the time for so doing has now passed. *See* E.D. Tenn. L.R. 7.1. The motions are now ripe for review.

I.   BACKGROUND

Plaintiff filed this lawsuit on July 25, 2024, asserting numerous causes of action stemming from Defendants' alleged treatment of Darrell Levonne Steele, who passed away on May 24, 2023 (the "Decedent") [Doc. 1]. On August 6, 2024, Plaintiff amended her complaint as a matter of right and alleged, *inter alia*, that "[a]ll participants in Mr. Steele's care were employees, agents, or

otherwise subject to the control of AOMS,[1] such that AOMS is legally responsible for their negligent acts and omissions pursuant to the doctrine of respondeat superior." [Doc. 10, ¶ 77]. Defendants answered that allegation with the following:

> 77). In response to the allegations contained in Paragraph 74[2] of the Complaint, these defendants admit that AOMS employed the clinical staff members on the dates of the plaintiff's decedent's treatment. Therefore, it is admitted that with respect to clinical staff involved in the patient's care that AOMS is responsible for their actions under the legal doctrine *respondeat superior* for care rendered for the plaintiff's decedent at COFIS during the March 13, 2023, and March 28, 2023, evaluations and treatment. It is denied that any staff member was negligent. All further allegations are denied.

[Doc. 19, ¶ 77]. Therefore, as of August 29, 2024, Defendants took the position that the clinical staff members involved with the Decedent's care were all employees of AOMS.

On October 17, 2024, the Court entered a scheduling order providing, *inter alia*, a deadline by which to join additional parties or amend the pleadings:

> (a) **_Amendment of Pleadings_**: If any party wishes to join one or more additional parties or amend its pleadings, a motion for joinder or for leave to amend shall be filed on or before March 18, 2025.[3]

[Doc. 27 at Page ID # 635].

On March 18, 2025, Defendants' counsel emailed Plaintiff's counsel to advise that the clinical staff members who cared for the Decedent were potentially *not* employed by AOMS, but rather by a third-party management company incorporated in Delaware and headquartered in

---

[1] "AOMS" is Defendant Associates in Oral and Maxillofacial Surgery, P.C.

[2] The reference to "Paragraph 74" appears to be a typo given the context of the response (*e.g.*, directly addressing the allegations of Paragraph 77 of the amended complaint and being marked as Paragraph 77 in the answer).

[3] This was also the deadline for Plaintiff to disclose expert testimony in accordance with Federal Rule of Civil Procedure 26(a)(2) [Doc. 27 at Page ID #634]. The Court has addressed by separate order a motion Defendants filed acknowledging the Parties' agreement on an extension of *that* deadline and seeking an extension of their own expert disclosure deadline [*See* Doc. 35].

Texas. [*See* Doc. 32 at Page ID # 673; *see also* Doc. 33 at Page ID # 675–76 ("The defendant agrees that the employment status of clinical staff employees (nurses and dental assistants) were put in question by an e-mail from defense counsel <u>on</u> the March 18, 2025, deadline.") (emphasis in original)]. Thus, there is no dispute that Defendants advised Plaintiff of facts that would potentially require joining a party *on the deadline to join parties*. Plaintiff therefore "delayed requesting leave to amend existing claims until the need to amend to add a party could be resolved." [Doc. 32 at Page ID # 673]. On March 20, 2025—two days after the deadline had passed and while Plaintiff's counsel was preparing a motion to add the third-party—Defendants' counsel advised that the clinical staff in question were in fact employed by AOMS [*id.*].

Plaintiff filed the instant motions the very next day, seeking leave to amend "to more accurately allege the material facts and circumstances supporting Plaintiff's claims, to allege grounds supporting an award of exemplary damages and to allege facts supporting the removal of the generally applicable ceiling on damages set forth in T.C.A. § 29-39-102 and T.C.A. § 29-39-104." [Doc. 31 at Page ID # 650]. Defendant opposes the motions on the ground that the motion to amend is not timely under the scheduling order.

II.   **ANALYSIS**

Federal Rule of Civil Procedure 15 directs that, where an amendment is not made as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Factors relevant in determining whether leave should be denied include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *See Forman v. Davis*, 371 U.S. 178, 182

(1962); *see also Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003). "The standard for a motion to amend is governed by the general principle that 'cases should be tried on their merits rather than the technicalities of pleadings,' which is in turn moderated by the exception that judges should allow amendment only when doing so does not 'cause prejudice to the defendants' or undue delay." *Med. Ctr. at Elizabeth Place, LLC v. Atrium Health Sys.*, 922 F.3d 713, 732–33 (6th Cir. 2019) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)). Nevertheless, to "deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'" *Ziegler v. Aukerman*, 512 F.3d 777, 786 (6th Cir. 2008).

Defendants do not address or even cite Rule 15 in their opposition to Plaintiff's motions. They do not address the relevant factors of undue delay, bad faith, repeated failure to cure deficiencies by prior amendment, futility, or undue prejudice. Instead, they insist the Court deny Plaintiff's motions simply because they were filed three days after the deadline set forth in the scheduling order.

In addition to lacking any legal authority, Defendants' position wholly ignores the circumstances surrounding Plaintiff's untimely filing. On August 29, 2024, Defendants represented that the clinical staff involved with the Decedent's care were employed by AOMS [Doc. 19, ¶ 77]. Then, on March 18, 2025, more than six months after making that representation, Defendants' counsel advised Plaintiff's counsel that the staff may actually have been employed by a third-party. [*See* Doc. 32 at Page ID # 673; *see also* Doc. 33 at Page ID # 675–76]. There is no dispute Plaintiff's counsel received this information on the deadline to move to amend *or* join additional parties [Doc. 27 at Page ID # 635]. Armed with Defendants' counsel's new disclosure, Plaintiff "delayed requesting leave to amend existing claims until the need to amend to add a party could be resolved." [Doc. 32 at Page ID # 673]. Defendants' counsel then confirmed the staff was

in fact employed by AOMS (ostensibly eliminating Plaintiff's need to add the third-party), and Plaintiff filed its motion to amend the very next day.

The Court cannot, and will not, conclude that Plaintiff's delay was unreasonable or inexcusable given the nature and timing of Defendants' contradictory representations. Under these circumstances, there is no question that justice requires the Court grant Plaintiff leave to amend.

## III.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion to Amend Complaint [Doc. 31] and Plaintiff's Motion for Extension of Time [Doc. 32]. Plaintiff shall file the Proposed Second Amended Complaint as a separate docket entry within seven (7) days of the entry of this Order.

SO ORDERED.

ENTER:

/s/
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE